IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers<br>620 F Street, N.W.<br>Washington, D.C. 20004,<br><br>                             Plaintiff,<br><br>     v.<br><br>5 STAR MASONRY LLC<br>2012 South A Street<br>Richmond, Indiana 47374,<br><br>       Serve: Registered Agent<br>              John Carpenter<br>              2012 South A Street<br>              Richmond, Indiana 47374<br><br>                            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS DUE TO EMPLOYEE BENEFIT FUND AND FOR EQUITABLE RELIEF)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1.     Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The

International Pension Fund is administered at 620 F Street, N.W., in Washington D.C. The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2. Defendant 5 Star Masonry LLC, is an Indiana corporation and has an office located at 2012 South A Street, in Richmond, Indiana, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

**JURISDICTION AND VENUE**

3. This is an action to collect contributions and other amounts due to an employee pension benefit plan under the terms of a collective bargaining agreement and trust agreement and for other appropriate equitable relief. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**FACTS**

6. Defendant 5 Star Masonry LLC has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union Nos. 18 – Ohio and 22-Ohio ("Collective Bargaining Agreements"), that govern the

wages, benefits and terms and conditions of employment of employees performing work for the Defendant.

7. Pursuant to the Collective Bargaining Agreements the Defendant agreed to pay certain sums of money to the Plaintiff for all hours of work it performed which is covered by the Collective Bargaining Agreements.

8. During the months of August 2017 through the present, the Defendant performed work covered by the Collective Bargaining Agreements.

9. During the months of August 2017 through the present, the Defendant has failed to report and pay all amounts owing to the Plaintiff as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

10. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

11. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed.

12. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees and costs of collection.

### COUNT I

### (UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND – 18-OH-1 and 22-OH-1)

13. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14. During the months of August 2017 and November 2017 through the present, the Defendant has failed to report and pay all contributions owing to the International Pension Fund under the Collective Bargaining Agreements for covered work performed in Local 22-OH, cover group 1. During the months of November 2017 through the present, the Defendant has failed to report and pay all contributions owing to the International Pension Fund under the Collective Bargaining Agreements for covered work performed in Local 18 OH, cover group 1.

15. Because Defendant has failed to comply with its duty to submit monthly hour remittance reports, Plaintiff has been required to estimate the covered hours worked and amount of contributions due to the International Pension Fund by Defendant for covered work performed by the Defendant in Local 18-OH, cover group 1, and Local 22-OH, cover group 1, during the months at issue.

16. The most recent 8 months for which Defendant reported hours to the Plaintiff for covered work performed in Local 18-OH, cover group 1, was March 2017 to October 2017.

17.     During the period of March 2017 to October 2017, Defendant reported a total of 1,883.5 hours, or an average of 235.43 hours per month, for covered work performed in Local 18-OH, cover group 1.

18.     The applicable contribution rate payable to the Plaintiff for covered work performed in Local 18-OH, cover group 1, during the period of November 2017 through May 2018 is $2.14 per hour.

19.     The Defendant therefore owes estimated monthly contributions of $503.82 per month during each month from November 2017 through May 2018 for covered work performed in Local 18-OH, cover group 1, for a total amount due of $3,526.74.

20.     The most recent twelve months for which Defendant reported hours to the Plaintiff for covered work performed in Local 22-OH, cover group 1, was September 2016 through July 2017 and September through October 2017.

21.     During the period of September 2016 through October 2017, Defendant reported a total of 2,478.50 hours, or an average of 206.54 hours per month, for covered work performed in Local 22-OH, cover group 1.

22.     The applicable contribution rate payable to the Plaintiff for covered work performed in Local 22-OH, cover group 1, during the period of August 2017 through May 2018 is $2.14 per hour.

23.     The Defendant therefore owes estimated monthly contributions of $442.00 per month during each month for August 2017, and November 2017 through May 2018 for covered work performed in Local 22-OH, cover group 1, for a total amount due of $3,535.96.

24.     Under the Collection Procedures and ERISA, the Defendant also owes interest at the rate of 15% per annum from the due date of each monthly payment, and in addition an

amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed.

25. By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

26. The Plaintiff is entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15%, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

27. Plaintiff will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment for Local 18-OH, cover group 1, and Local 22-OH, cover group 1.

## COUNT II
### (INJUNCTIVE RELIEF)

28. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 26 as if fully set forth in this Count II.

29. Defendant, pursuant to the Collective Bargaining Agreements, Plaintiff's Restated Agreement and Declaration of Trust and the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, agreed to

report hours and make timely contributions to the Plaintiffs in the amounts and on the dates required by the Collective Bargaining Agreements, Restated Agreement and Declaration of Trust, and General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers

30. Defendant has repeatedly failed to submit timely reports and pay contributions to the Plaintiff. Plaintiff's counsel has had to pursue payments and demand payments from the Defendant in order to force the Defendant to pay delinquent contributions as required by the terms of the Collective Bargaining Agreements, Restated Agreement and Declaration of Trust, and General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers.

31. This persistent disregard for the contribution and reporting obligations constitutes a violation of the terms of ERISA and an employee benefit plan and threatens the Plaintiff, and the Plaintiff's participants and beneficiaries, with irreparable harm if injunctive relief is not granted.

32. By virtue of the failure to make timely payments, the Defendant has caused the Plaintiff and its participants to suffer the loss of investment income and incur additional administrative expenses as well as deprived the Plaintiff and its participants of the ability to accurately determine the amount of contributions owed and credit earned by employees during that time period.

33. The public interest will be served by an issuance of injunctive relief.

**WHEREFORE,** Plaintiff prays judgment on Counts I and II as follows:

A. For estimated unpaid contributions in the amount of $3,526.74 due and owing to the Plaintiff for covered work performed during the months of November 2017 through May 2018 in Local 18-OH, cover group 1, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional

calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

      B.      For estimated unpaid contributions in the amount of $3,535.96 due and owing to the Plaintiff for covered work performed during the months of August 2017, and November 2017 through May 2018 in Local 22-OH, cover group 1, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

      C.      That the Defendant be directed to comply with its obligations to correctly report and contribute to the Plaintiff in a timely manner in the future.

      D.      Costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreement, Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up through the date of judgment.

      E.      For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs that may accrue and/or are found to be due and owing to the Plaintiff after May 2018,

subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment.

  F. Such further relief as the Court deems appropriate.

              Respectfully submitted,

Dated: June 21, 2018       **O'DONOGHUE & O'DONOGHUE LLP**
              5301 Wisconsin Avenue, N.W.
              Eighth Floor
              Washington, D.C. 20015
              Telephone: (202) 362-0041
              Facsimile: (202) 237-1200
              rhopp@odonoghuelaw.com

      By:  _____
              R. Richard Hopp (Bar No. 432221)
              *Attorney for the Plaintiff*